UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KOJO SHAKA CALLENDER,

                Plaintiff,

         -v.-

NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES,

                Defendant.

23 Civ. 9314 (KPF)

**ORDER OF SERVICE**

KATHERINE POLK FAILLA, District Judge:

Plaintiff Kojo Shaka Callender, who is appearing *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that Defendant, the New York State Department of Motor Vehicles, discriminated against him because of his sex.  By order dated October 25, 2023, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").  (Dkt. #4).  The Court therefore directs service on Defendant.

## DISCUSSION

**A.    The Court Orders the Service on Defendant through the United States Marshals Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

*Walker* v. *Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process … in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B. **The Court Will Seek Limited *Pro Bono* Counsel for Plaintiff's Mediation**

Plaintiff submitted an application requesting that the Court appoint him with *pro bono* counsel in this matter. (Dkt. #3). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper* v. *A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge* v. *Police Officers*, 802

2

F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. It is too early in these proceedings for the Court to assess the merits of the action, and therefore the merits of Plaintiff's application for *pro bono* counsel. That said, the Court will separately issue an order referring Plaintiff's case to the Court's Mediation Program, and in that order will direct the Clerk of Court to attempt to locate *pro bono* counsel to represent Plaintiff at that mediation. Accordingly, Plaintiff's motion for counsel is denied without prejudice to its renewal at a later date.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant, complete a USM-285 form with the address for this Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

Plaintiff's application for the Court to request *pro bono* counsel is DENIED without prejudice to renew. The Clerk of Court is directed to terminate the pending motion at docket number 3, and to mail an information package to Plaintiff at his address of record.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 30, 2023
       New York, New York

                                              KATHERINE POLK FAILLA
                                              United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

New York State Department of Motor Vehicles
2875 West 8th Street
Brooklyn, NY 11224